IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KELLY DELAROSA,

                Plaintiff,

v.                                                 OPINION and ORDER

ANDREW SAUL,                                    18-cv-1027-jdp
Commissioner of the Social Security Administration,

                Defendant.[1]

Plaintiff Kelly Delarosa seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding Delarosa not disabled within the meaning of the Social Security Act. On appeal, Delarosa raises a single issue: whether the ALJ erred in failing to resolve a conflict between the vocational expert and the Dictionary of Occupational Titles. The court concludes that the ALJ sufficiently addressed any potential conflict, and it will affirm the commissioner's decision and cancel the oral argument scheduled for July 16, 2019.[2]

---

[1] The court has amended the caption to reflect the appointment of the new commissioner.

[2] Counsel for plaintiff filed a letter stating, without explanation, that he did not intend to file a reply brief. Dkt. 15. This raises the question whether counsel is conceding the points the commissioner raised in his opposition brief. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). The court has assumed for the purpose of this decision that counsel believes that his opening brief adequately anticipated the commissioner's arguments. If counsel declines to file a reply brief in the future, he should explain why, making clear whether he concedes any points made by the commissioner.

ANALYSIS

To find a claimant not disabled, the ALJ usually relies on the testimony of a vocational expert to determine whether there are sufficient jobs in the national economy that the claimant could perform. The ALJ is required to ask the vocational expert whether the expert's testimony conflicts with the Dictionary of Occupational Titles (DOT), and when there appears to be a conflict, the ALJ must elicit "a reasonable explanation for the apparent conflict." *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008) (citing SSR 00-4p, at 5). As relevant to this case, the ALJ asked the vocational expert to list jobs that Delarosa could perform if Delarosa were limited to no overhead reaching with her right arm, and no more than frequent reaching in all other directions. R. 60–61. The expert testified that with these restrictions, Delarosa would still be able to find work as a small products assembler, electronics worker, or inspector hand packager.

Delarosa contends that the expert's testimony conflicts with the DOT because all three jobs require frequent reaching, and because the Selected Characteristics of Occupations (SCO) (a companion publication to the DOT) defines reaching as "extending hand(s) and arm(s) in any direction."[3] But the ALJ addressed this potential contradiction in his decision. He explained that the expert's testimony was consistent with the DOT "except for the testimony regarding overhead reaching, which she noted was based on her experience researching and placing people in these jobs." R. 24. This explanation accurately reflects the expert's testimony during the hearing:

---

[3] *See* U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles, app. C-3 (4th rev. ed. 1993), *available at* http://onlineresources.wnylc.net/docs/SelectedCharacteristicsSearch121110.pdf.

> Q: Now overhead reaching is not specifically addressed by the DOT, drawing on your experience in placing workers and analyzing these jobs to evaluate overhead reaching?
>
> A: Yes, Your Honor, that's correct.
>
> Q: And is your testimony otherwise consistent with the DOT?
>
> A: Yes, it is.
>
> . . . .
>
> Q: Okay. And apart from using your professional experience on the reaching component is your testimony consistent with the Dictionary of Occupational Titles?
>
> A: Yes, Your Honor, yes.
>
> Q: And, and in this case I did put a strict prohibition on any overhead reaching with the right dominant arm . . . . the three jobs you identified don't require any overhead reaching with the right dominant, wouldn't require any overhead reaching, is that correct?
>
> A: That's correct, Your Honor.

R. 60–61. Delarosa, who was represented by counsel at the hearing, did not object to this testimony. When a claimant fails to object to a vocational expert's testimony about the exertional requirements of a particular job, the claimant forfeits that objection on appeal. *Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016).

Delarosa points to no evidence—in the DOT, SCO, or anywhere else—that these jobs require overhead reaching. The descriptions from the DOT and SCO indicate only that *some* type of reaching is required. Because the DOT does not specify which type of reaching is required, the vocational expert's testimony did not contradict it. *See, e.g, Ketelboeter v. Astrue*, 550 F.3d 620, 625–26 (7th Cir. 2008) (no conflict between the DOT's description of "price marker," which requires frequent reaching, and the claimant's overhead-reaching restriction).

Because Delarosa does not identify any other errors in the ALJ's analysis, the court will affirm the commissioner's final decision.

ORDER

IT IS ORDERED that that the decision of the commissioner is AFFIRMED and the oral argument is CANCELLED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered July 8, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge